

IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | |
|---|---|
| **United States of America,** ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| v. ) | No. 04 CR 887 -1&2 |
| ) | |
| **Lionel Saucedo, et al.,** ) | |
| ) | |
| Defendants. ) | |

## MEMORANDUM OPINION AND ORDER

Lionel Saucedo and Ismael Saucedo Jr. ("defendants") have filed a motion to suppress Title III recordings at trial due to an alleged violation of 18 U.S.C. § 2518(8)(a). According to the record, in the process of investigating this case, the government was authorized to intercept and record communications on a number of telephones used by defendants. The recording system used by the government operated by simultaneously recording the target communications to two magneto-optical discs. The government would then designate one of the two original discs as the "master" and the other as the "duplicate." Functioning correctly, the system would produce two identical discs. In compliance with § 2518(8)(a), prior to the expiration period for each target phone, the government obtained a court order sealing all master discs.

The duplicate discs were kept for investigative purposes and stored in a locked room to which only government technicians had unescorted access. Once recorded upon, magneto-optical discs do not allow one to alter, expand, or selectively delete the data contained upon them.

On October 10, 2003, in an unrelated grand jury investigation, a government technician realized that certain discs being used in that investigation were incomplete and missing data. Realizing that the same problem could have affected discs created by the same recording system in other investigations, the government sought and received permission from the Chief Judge on January 22, 2004 to unseal the master discs in this case. The government discovered that one of the master discs - a disc which was supposed to contain all recordings from Target Telephone Eight ("TT8") from July 9, 2003 through August 7, 2003 - was incomplete. The government found that the disc only contained recordings from August 3, 2003 through August 7, 2003. The government determined that the duplicate disc, still stored in a locked room, contained all communications from the time period.

On June 28, 2004, the government informed the Chief Judge of the problem with the master disc. That same day, the Chief Judge issued an order allowing the government to seal the duplicate

disc.[1] The government eventually investigated the cause of the error and determined that "a number of operator or equipment errors could have occurred, including the failure to properly input or activate a job order, as required by the program, or the assignment of a job to the incorrect magneto-optical disc."

Section 2518(8)(a) mandates that "[i]mmediately upon the expiration of the period of the order, or extensions thereof, such recordings shall be made available to the judge issuing such order and sealed under his directions." Furthermore, "[t]he presence of the seal provided for by this subsection, or a satisfactory explanation for the absence thereof, shall be a prerequisite for the use or disclosure of the contents of any wire, oral, or electronic communication or evidence derived therefrom . . . ." Id.

Since it is undisputed that the duplicate disc was not immediately sealed (nearly a year lapsed between its creation and its sealing), the court must determine whether the government has provided a satisfactory explanation for this delay. See United States v. Coney, 407 F.3d 871, 875 (7th Cir. 2005) (ten day delay

---

[1] The Chief Judge's order also mentions the re-sealing of other discs and the sealing of a disc containing communications only from July 9, 2003 to August 2, 2003. Neither party references these other discs in their motions.

is not immediate and requires a satisfactory explanation).² In *Coney*, the court discussed the meaning of a "satisfactory explanation," stating:

> [A]n explanation is satisfactory if, in the circumstances, it dispels any reasonable suspicion of tampering. The believability of the explanation is critical, and depends in part simply on its plausibility: the more plausible, the more believable. The length of the delay is relevant as well, and also the nature of the crime, including its notoriety or the notoriety of the defendant, and thus the pressure on the government to obtain a conviction; and also the importance of the tapes to the government's case.

*Coney*, 407 F.3d at 875.

In this case, it is undisputed that the government immediately sealed the master copy on August 8, 2003. At the time, the government had no reason to believe that the master disc was incomplete. It is also undisputed that all magneto-optical discs are tamper-proof and the duplicate disc, although not sealed, was stored in a locked closet. Additionally, defendants have provided no evidence that the duplicate disc does not contain all recordings from July 9, 2003 through August 7, 2003. The government has provided a satisfactory explanation for its delayed discovery of the need to seal the duplicate disc. *See USA v. Jerez*, 03 CR 1136 (N.D. Ill. September 14, 2005) (finding the government's

---

² Although the government has referred to the disc in question as a "duplicate," the disc is an original recording of the target communications. The "master" and the "duplicate" were created simultaneously and the "duplicate" was not a copy of the "master." Therefore, either disc could have been sealed. *See United States v. Rivera*, 153 F.3d 809, 813 (7th Cir. 1998).

4

explanation for a similar delay in sealing duplicate discs arising from the same recording problems to be satisfactory).

The government has not, however, provided the court with any explanation for the fact that it received permission to unseal the master disc on January 22, 2004, but did not seal the duplicate disc until June 28, 2004. Section § 2518(8)(a) emphasizes clearly that tapes should be sealed immediately and the Seventh Circuit has stated that "[t]he length of the delay is relevant . . . ." in determining whether an explanation is satisfactory. *Coney*, 407 F.3d at 875. Absent any explanation from the government detailing the reasons for this delay of more than six months, the government has failed to provide the court with a satisfactory explanation.

Next, the court must determine what evidence is to be suppressed. Section 2518(8)(a) calls for suppression of the duplicate disc and "evidence derived therefrom." The government states that it has no intention of introducing the recordings from the duplicate disc at trial. The remaining question before the court is whether evidence derived from the duplicate disc must be excluded.

Defendants argue that any evidence that can be linked by a chain of causation to the duplicate disc must be excluded. They argue that the government used the contents of the duplicate disc to obtain extensions on the wiretap for TT8 after the August 7,

2003 wiretap expired. Defendants seek to exclude these additional recordings.

Section § 2518(8)(a) prohibits the use of improperly sealed recordings at trial under § 2517(3), but allows the recordings to be used for investigative purposes under §§ 2517(1) and § 2517(2). Thus, the statute leaves open the question of whether evidence obtained through an investigation that was based upon improperly sealed recordings is admissible at trial, or should be excluded as evidence derived from the improperly sealed recordings. Neither party has cited any authority from this circuit, and I have found none. In *United States v. Donlan*, 825 F.2d 653 (2d Cir. 1987) and *United States v. Fury*, 554 F.2d 522 (2d Cir. 1977), however, the Second Circuit confronted this issue. In *Fury*, under a nearly identical state statute, the court held that improperly sealed recordings could form the basis of a second wiretap authorization although the improperly sealed recordings were not admissible at trial. *Fury*, 554 F.2d at 532 ("The Schnell tapes, even with the fourteen-day unexplained delay in sealing, provide a proper basis for a finding of probable cause to support the issuance of the Fury wiretap order, even though the Schnell tapes might not have been admissible in evidence."). In *Donlan*, the police used the contents of improperly sealed recordings as probable cause for a stop and search of the defendant and the district court allowed the

government to introduce this evidence at trial. *Donlan*, 825 F.2d at 657. The court held that its analysis in *Fury* was applicable to the federal statute and found that such evidence was admissible, stating "the prohibition in subsection 2518(8)(a) on derivative use at trial of improperly sealed tapes is not to be applied strictly to prohibit use of all evidence that can be connected through a chain of causation to a wiretap tainted by improper sealing of a tape."[3] *Id.* The court reasoned that the main purpose of the sealing requirement, which is to prevent tampering, would not be advanced by the exclusion of the evidence obtained in the stop and search. *Id.* Furthermore, the court further noted that the alternative holding would create anomalous results:

> [A] literal reading of subsection 2518(8)(a) would prevent a law enforcement officer from using untimely sealed conversations in testifying before a judicial officer to obtain an arrest or search warrant, even though Congress clearly intended the officer to use such information, without the restriction of subsection 2518(8)(a), to establish probable cause for an arrest or a search. It cannot be that Congress intended to permit untimely sealed conversations to be used as probable cause for arrests and searches only when those arrests and searches were conducted without a warrant.

*Id.* at 656. The Second Circuit's reasoning is persuasive. Accordingly, the contents of the subsequent recordings are admissible.

---

[3] On the other hand, "[e]vidence derived from the [recordings], such as transcripts, duplicate [recordings], work copies and testimonial summaries," would be excluded under the statute. *Donlan*, 825 F.2d 657.

Since the government has agreed not to introduce the recordings from the duplicate disc at trial in any form, defendants' motion as to that disc is denied as moot. Defendants' motion seeking the suppression of the additional recordings on TT8 is denied.

**ENTER ORDER:**

_Elaine E. Bucklo_ (signature)

**Elaine E. Bucklo**
United States District Judge

Dated: July 26, 2006